UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARSHALL NELSON | CIVIL ACTION NO. 19-951 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| RODNEY ELLIS, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion to dismiss, filed by the Defendant, the Board of Supervisors of Southern University Agricultural and Mechanical College ("Southern University"). [Record Document 25]. Southern University seeks to dismiss all of Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(1). Nelson has responded to Southern University's motion, conceding the proper dismissal of certain claims and opposing the dismissal of others. Record Document 27. For the following reasons, Southern University's motion is **GRANTED IN PART** and **DENIED IN PART**.

The Plaintiff, Marshall Nelson ("Nelson"), is the former Chief of Police of Southern University in Shreveport, Louisiana. Record Document 23 at 3. Nelson alleges that in 2017, his staff and Southern University students began complaining to him about sexual harassment committed by part-time police officers who had been hired by Southern University's Chief Administrative Officer, Defendant Leslie McClellon ("McClellon"). Id. Nelson relayed those complaints to McClellon and recommended at least one officer be terminated. Id. He alleges that because of this, the part-time officers hired by McClellon began to subject the other police officers to a hostile work environment. Id. at 4. Nelson reported this to McClellon, too, to no avail. Several of Nelson's officers then filed charges

1

with the Equal Employment Opportunity Commission.  Id.  McClellon ordered Nelson to investigate the charges, however, Nelson responded that he was unable to due to jurisdictional issues and the officers' Bill of Rights.  Id.  As a result, Nelson was removed from the position of Chief and demoted to the rank of Captain.  Id.  According to Nelson, because of his prior complaints to McClellon and because he reported potential instances of fraud by another part-time officer, McClellon and the other individual Defendants "accepted and investigated . . . a known false report of sexual harassment" that was filed against Nelson.  Id.  Nelson was suspended with pay but was eventually exonerated.  Id. at 5.  Nelson asserts that the defendants handled the complaint in a retaliatory manner.  Id.

Based on these events, Nelson filed the instant suit, bringing claims against three individual Defendants, as well as Southern University.  Based upon a fair reading of his complaint, Nelson alleges the following against Southern University: Title VII retaliation, violations of the Age Discrimination in Employment Act ("ADEA"), state law claims for "retaliation, whistle blower and age discrimination" due to his malicious prosecution, and he seeks equitable relief under 42 U.S.C. § 1983.  Southern University filed the instant motion to dismiss, asserting Nelson's claims against it must be dismissed for lack of subject matter jurisdiction.[1]  Nelson partially concedes the proper dismissal of some of his claims, but opposes the dismissal of his Title VII claim.

---

[1] No other Defendant filed a motion to dismiss.  As such, this ruling addresses only the viability of Nelson's claims against Southern University.

2

## Law and Analysis

### I. Federal Rule of Civil Procedure 12(b)(1)

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear the case. Fed. R. Civ. P. 12(b)(1). The Fifth Circuit generally regards a dismissal based on state sovereign immunity as a dismissal based on a lack of subject matter jurisdiction. Cantu Servs., Inc. v. Roberie, 535 F. App'x 342, 346 n.3 (5th Cir. 2013). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Loc. 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). As the party asserting jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Under Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Spotts v. United States, 613 F.3d 559, 565–66 (5th Cir. 2010).

### II. Eleventh Amendment Immunity

Federal court jurisdiction is limited by the Eleventh Amendment to the Constitution, which bars suits in federal court brought by a citizen against a state, unless the state

consents to suit[2] or Congress has abrogated the Eleventh Amendment immunity by statute.[3] U.S. Const. amend. XI; Freimanis v. Sea-Land Serv., Inc., 654 F.2d 1155, 1157 (5th Cir. Unit A 1981); Vogt v. Bd. of Comm'rs of Orleans Levee Dist., 294 F.3d 684, 688 (5th Cir. 2002).  Sovereign immunity additionally bars "suits against state officials or agencies that are effectively suits against a state." City of Austin v. Paxton, 943 F.3d 993, 997 (5th Cir. 2019) (internal citations omitted).  Even when a state is not named as a defendant in a federal lawsuit, "[t]he State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State."  Vogt, 294 F.3d at 688–89 (citing Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997)).

Here, Nelson has sued Southern University.  The Fifth Circuit has held that Southern University is considered an agency of the State of Louisiana.  Richardson v. Southern Univ., 118 F.3d 450, 454–56 (5th Cir. 1997) ("Southern [University] and its Board are considered an agency of the State of Louisiana.").  Thus, Southern University is entitled to the protections of the Eleventh Amendment unless either immunity has been abrogated or Louisiana has consented to be sued in federal court.  Louisiana, however, has not consented to suit, but rather has enacted a specific statute declaring its refusal

---

[2] A state can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).

[3] Congress can abrogate a state's Eleventh Amendment immunity without the state's consent. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  This intent to abrogate must be expressed "in unmistakable language in the statute itself." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 243 (1985).

to waive sovereign immunity. See La. R.S. § 13:5106 (providing "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); see also Cozzo v. Tangipahoa Par. Council—President Gov't, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts."). Therefore, the Court must determine whether Congress has abrogated sovereign immunity for Nelson's claims.

As set forth above, Nelson has asserted the following claims against Southern University: (1) retaliation ("Southern [University] is sued only under 42 USC 2000e, et seq., excepting for equitable relief for which Plaintiff brings actions under 42 USC 1983 as well against Southern"); (2) malicious prosecution ("Plaintiff brings actions under Louisiana state law against Southern [University] and individual defendants for retaliation, whistle blower and age discrimination"); and (3) age discrimination under the ADEA. Record Document 23 at 5-8. In addition to compensatory and punitive damages against the Defendants, Nelson also seeks equitable relief, specifically an injunction reinstating him to his former position or another position of "substantial equivalence," and an increase in his pay, compensation, and benefits to the equivalent of comparable job positions. Id. at 9. Southern University seeks dismissal of all of Nelson's claims based upon sovereign immunity. Yet, it erroneously observed only three sets of claims brought against it: violations of § 1983, state law claims, and age discrimination under the ADEA. In other words, it entirely overlooked Nelson's Title VII claim.

Nelson's claim under Title VII is not subject to dismissal. Title VII, which expressly authorizes suits against the states, abrogates Eleventh Amendment immunity because it was passed pursuant to Section Five of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456–57 (1976); Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 n.1 (5th Cir. 2002) (finding that the Fifth Circuit has "long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII"). Because Congress abrogated Louisiana's immunity from suit under Title VII, Nelson's claim against Southern University is not subject to dismissal under the Eleventh Amendment. Southern University's motion to dismiss is denied in this respect.

As for Nelson's remaining claims under § 1983, the ADEA, and Louisiana state law, he concedes they are subject to dismissal: "Plaintiff concedes that to the extent pled, all claims under Section 1983, ADEA (age discrimination) and Louisiana state law against SOUTHERN should be dismissed due to Eleventh Amendment immunity." Record Document 27 at 4. The parties are correct that these claims are barred by sovereign immunity. Indeed, Congress did not abrogate immunity for claims arising under § 1983. See Cozzo, 279 F.3d at 281 ("We note that in enacting § 1983, Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.' ") (quoting Quern v. Jordan, 440 U.S. 332, 345 (1979)).[4] Further, Congress has

---

[4] This also results in the dismissal of Nelson's request for equitable relief against Southern University, insofar as that equitable relief arises under § 1983. His complaint very clearly states that he is seeking equitable relief under § 1983. In contrast, Nelson's opposition to Southern University's motion to dismiss couches his request for equitable relief under Title VII. See Record Document 27 at 3. As the Fifth Circuit has explained, "[t][he plaintiff is the master of his complaint." Freedom From Religion Found., Inc. v. Mack, 4 F.4th 306, 312 (5th Cir. 2021). The Court takes no position on

not abrogated state sovereign immunity under the ADEA.  Raj, 714 F.3d at 328 ("Congress has not abrogated state sovereign immunity under the ADEA").  Lastly, sovereign immunity also bars this Court from hearing Nelson's state law claims.  See Bernofsky v. Rd. Home Corp., 741 F. Supp. 2d 773, 778-79 (W.D. La. 2010) ("In addition to protecting states from suits brought by citizens of other states, it is well-established that the Eleventh Amendment bars a federal court from 'entertain[ing] a suit brought by a citizen against his own State.' . . . Eleventh Amendment protection also extends to state law claims brought under pendent jurisdiction.") (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98, 120-21 (1984)).  Thus, these claims must be dismissed, and Southern University's motion to dismiss is granted in that respect.

## Conclusion

For the foregoing reasons, Southern University's motion to dismiss [Record Document 25] is **GRANTED IN PART** and **DENIED IN PART**.  Nelson's claims arising under § 1983, the ADEA, and Louisiana state law are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Nelson's claims arising under Title

---

whether Nelson's claims for equitable relief have been sufficiently pleaded under Title VII.  But it does note that the Ex parte Young exception to Eleventh Amendment immunity for injunctive or declaratory relief does not save Nelson's equitable relief request against Southern University, as Ex parte Young allows a plaintiff to sue for injunctive or declaratory relief against individual state officials acting in violation of federal law.  Ex parte Young, 209 U.S. 123, 155-56 (1908); see Raj v. Louisiana State Univ., 714 F.3d 322, 328 (5th Cir. 2013) (holding that because plaintiff's § 1983 and § 1985 claims had only named Louisiana State University, LSU Health, and the LSU Board as defendants, and not individual officials, he could not overcome sovereign immunity via Ex parte Young).

VII are not subject to dismissal based on the Eleventh Amendment, and Southern University's motion to dismiss is denied in that respect.

**THUS DONE AND SIGNED** this 30th day of September, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE