UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| MARSHALL NELSON | CIVIL ACTION NO. 19-951 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| RODNEY A. ELLIS, ET AL. | MAGISTRATE JUDGE HORNSBY |

_____

## MEMORANDUM RULING

Before the Court is a motion for partial summary judgment filed by the Defendants, the Board of Supervisors of Southern University Agricultural and Mechanical College ("Southern"), Rodney A. Ellis ("Ellis"), Leslie McClellon ("McClellon"), and Wayne H. Bryant ("Bryant") (collectively, "Defendants"). Record Document 48. Specifically, Defendants seek summary judgment as to two of Nelson's Title VII retaliation claims against Southern, as well as all Title VII and state law claims against Ellis, McClellon, and Bryant. Plaintiff, Marshall Nelson ("Nelson"), filed a response to the motion, indicating his intent to abandon a number of claims and defending others. Record Document 51. For the reasons assigned below, Defendants' motion [Record Document 48] is **GRANTED**.

## BACKGROUND

Nelson was employed by Southern University Shreveport as a campus police officer and in the years leading up to this lawsuit, was the highest-ranking campus police

officer.[1]  Record Document 48-1 at 2.  In early 2017, Southern began to supplement its police force with a group of officers from various outside agencies (the "Contracted Officers").  Record Document 23 at 3.  Apparently, between April 2017 and November 2017, several university police officers reported to Nelson that the Contracted Officers were sexually harassing them and/or creating a hostile work environment.  Id.; Record Document 48-4 at 11.  After he received the initial complaints, Nelson reported them to McClellon who was, at the time, Southern's Chief Administrator and Operations Officer ("CAO"), as well as Nelson's direct supervisor.  Id. at 3; Record Document 23 at 3.  Nelson then interviewed the campus officers and authored a report that he sent to McClellon, in which he recommended that Southern find in favor of the campus police officers.  Record Document 51-2 at 2-3.  Nelson refused to investigate the complaints fully, however, claiming that it was a violation of the Police Officer Bill of Rights to investigate the Contracted Officers.[2]  Record Document 23 at 4.  Accordingly, Southern retained Harold Carpenter ("Mr. Carpenter"), an outside investigator, to look into the complaints, and Mr. Carpenter ultimately recommended that Southern terminate the Contracted Officers' services.  Record Document 48-4 at 14.

---

[1] There is some dispute as to Nelson's title during this time.  Southern contends that he was a captain while Nelson, in some pleadings, insists he was chief of police, a rank higher than captain.  Record Document 23 at 3.  However, Nelson appears to concede most recently that his official title was "captain," but argues that this position allowed him to use the title "chief."  Record Document 48-1 at 2; Record Document 51-2 at 1-2.

[2] Nelson later clarified that he refused to interview the Contracted Officers because it was against best practices, not because it was a violation of the Police Officer Bill of Rights.  Record Document 48-3 at 16.

2

In June 2017, Southern created a campus chief of police position and hired Edward Reynolds ("Chief Reynolds") as chief of police. Record Document 48-3 at 7; Record Document 48-4 at 6. In her deposition, McClellon stated that she informed Nelson of Southern's decision to create the chief of police position before it was advertised and invited him to apply. Record Document 48-4 at 17. Nelson, on the other hand, declared that McClellon informed him "that she was bringing in her own chief and she wanted [Nelson] to stay where [he] was." Record Document 48-3 at 7. Chief Reynolds assumed his role on January 8, 2018. Id. Nelson maintained his position as civil service captain; however, he was no longer the highest-ranking officer. Record Document 48-1 at 4.

In August 2018, Southern received a complaint against Nelson by a woman who claimed that he harassed and stalked her and broke into her apartment. Record Document 48-7 at 7-8. After receiving the complaint, Tuesday Mahoney ("Mr. Mahoney"), Southern's Title IX coordinator, identified the complaint as a possible Title IX concern. Id. at 9. Accordingly, Southern placed Nelson on paid administrative leave pending an investigation, which ultimately revealed that the complaint was unfounded. Record Document 48-6 at 8-9.

On March 27, 2019, Nelson filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Record Document 48-9. On July 23, 2019, Nelson filed suit in this Court against Ellis, McClellon, and Bryant. Record Document 1. On August 15, 2020, Nelson filed an Amended Complaint, adding Southern as a defendant. Record Document 23. In his Amended Complaint, Nelson claims that Defendants retaliated against him because, after he investigated the sexual harassment and/or hostile work environment

3

claims against the Contracted Officers, Nelson advocated for the campus police officers and recommended the termination of the Contracted Officers. Specifically, Nelson brings Title VII retaliation claims against all Defendants for (1) pretextually denying him from applying for the chief of police position; (2) failing to promote him to the chief of police position; (3) disallowing him from supervising the campus police officers; and (4) investigating him under Title IX and suspending him. Record Document 23 at 5-6. Nelson also brings state law claims against all Defendants for "retaliation, whistle blower, and age discrimination," and seeks equitable relief under 42 U.S.C. § 1983. Id. at 8. Additionally, Nelson brings a malicious prosecution claim against Ellis, McClellon, and Bryant only, and a claim under the Age Discrimination in Employment Act of 1967 (the "ADEA") against Southern only. Id. at 7-8.

On October 20, 2020, Southern filed a motion to dismiss all claims against it.[3] Record Document 25. On September 30, 2021, the Court issued a memorandum ruling, dismissing with prejudice Nelson's claims against Southern under § 1983, the ADEA, and Louisiana state law. Record Document 36.

On August 15, 2022, Defendants filed the instant motion for partial summary judgment as to all of Nelson's claims against Ellis, McClellon, and Bryant, as well as Nelson's Title VII retaliation claims against Southern for pretextually denying Nelson the chief of police position and ultimately failing to promote him. Record Document 48.

---

[3] The motion to dismiss was not filed on behalf of Ellis, McClellon, or Bryant, and, thus, the Court did not address any claims against those individual Defendants.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. Stahl v. Novartis Pharms. Corp., 283 F.3d 254, 263 (5th Cir. 2002). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp., 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

While the Court will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 517 (5th Cir. 2012) (quoting Anderson, 477 U.S. at 248, 106 S. Ct. at 2510).

## ANALYSIS

Defendants argue that Nelson did not file his EEOC charge until March 26, 2019, more than one year after Chief Reynolds was hired as Southern's chief of police and, thus, Nelson's Title VII retaliation claims for pretextual denial of the position and failure to be promoted should be dismissed as time-barred. Record Document 48-1 at 1. Defendants also argue that, regardless of whether these claim are time-barred, all of Nelson's Title VII and state law claims against Ellis, McClellon, and Bryant must be dismissed because the individuals do not meet the definition of "employer" under Title VII or Louisiana state law. Id. at 1-2.

In his opposition, Nelson declines to pursue a number of claims, including all Title VII and state law claims against Ellis, McClellon, and Bryant. Nelson also seeks to dismiss his Title VII failure to promote claim against Southern, apparently conceding that it is

time-barred.[4] Nelson clarifies, however, that he also brings a retaliatory hostile work environment claim, the basis of which includes the Title IX investigation, his failure to be promoted, the pretextual denial of his chief of police application, being prevented from supervising the campus police officers, as well as allegations raised for the first time in his response to summary judgment. Record Document 51 at 15. Nelson further clarifies that he brings this retaliatory hostile work environment claim against Southern under Title VII, and against Ellis, McClellon, and Bryant under § 1983. Nelson argues that his claim is not time-barred because the complained-of conduct constitutes a "continuing violation" which lasted through 2021. Id. at 7.

In their reply brief, Defendants argue that Nelson raises a retaliatory hostile work environment claim for the first time in response to summary judgment and, thus, Nelson's claim is untimely and should not be considered. Record Document 52 at 1-2. Alternatively, Defendants argue that even if Nelson is allowed to raise such a claim, the alleged harassment is not sufficiently related to constitute a continuing violation. Additionally, Defendants take issue with many of the newly pled allegations in Nelson's declaration, which Defendants argue are "confusing, unsupported, or self-contradictory." Id. at 4. Defendants also urge the Court to strike the sworn declaration of Mr. Carpenter on the grounds that it "contains significant hearsay statements" and "references and purports to describe unattached exhibits, which are themselves hearsay and are not admissible." Id. at 2.

---

[4] Although the alleged pretextual denial of Nelson's application for the open chief of police position occurred before Nelson's failure to be promoted, Nelson does not explicitly abandon this claim as time-barred.

7

A. Abandoned Claims

As discussed supra, Nelson's response to summary judgment explains that he declines to pursue (1) all state law claims against Ellis, McClellon, and Bryant; (2) all Title VII claims against Ellis, McClellon, and Bryant; and (3) his Title VII retaliation claim against Southern arising from his failure to be promoted. Accordingly, these claims are **DISMISSED WITH PREJUDICE**.

B. Title VII Retaliation Claim for Pretextual Denial of Chief of Police Position

Defendants argue that Nelson's retaliation claim for pretextual denial of the chief of police position is time-barred. Notably, Nelson concedes that conduct that occurred after his alleged pretextual denial is time-barred. Yet, Nelson does not explicitly abandon the pretextual denial claim as time-barred. Thus, the Court will address the timeliness of Nelson's pretextual denial claim out of an abundance of caution and in order to resolve all ambiguities in favor of Nelson.

"Filing a timely charge of discrimination with the EEOC is a precondition to filing a civil action in federal court." Mayes v. Off. Depot, Inc., 292 F.Supp.2d 878, 887 (W.D. La. 2003) (citing Zipes v. Trans. World Airlines, 455 U.S. 385, 393, 102 S. Ct. 1127 (1982)). In "deferral states," such as Louisiana, a plaintiff is afforded 300 days from the alleged discrimination to file a charge, provided it includes a state law discrimination claim. Id. at 888; La. R.S. § 23:303. "[T]he limitations period on an employment discrimination claim begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred." Ramirez v. City of San Antonio, 312 F.3d 178, 181 (5th Cir. 2002) (internal quotations and citations omitted).

Nelson claims that "during the latter part of" 2017, he and McClellon had a meeting during which McClellon informed him that he would not be considered for the campus chief of police position. Record Document 48-3 at 9-11. Nelson ultimately filed a charge with the EEOC on March 27, 2019. Record Document 48-9. Three hundred days prior to March 27, 2019, is May 31, 2018. Any discriminatory conduct that pre-dates May 31, 2018, is untimely because any such conduct occurred more than 300 days before Nelson filed his charge with the EEOC. Thus, Nelson may not bring a retaliation claim for conduct that allegedly occurred in 2017. Accordingly, Nelson's Title VII retaliation claim against Southern, based on his alleged pretextual denial from the chief of police position, is **DISMISSED WITH PREJUDICE**.

C. Retaliatory Hostile Work Environment

Next, Nelson attempts to bring a retaliatory hostile work environment claim against Southern under Title VII and against Ellis, McClellon, and Bryant under § 1983. Before the Court reaches the merits of Nelson's retaliatory hostile work environment claim, however, it must first determine whether such a claim is properly before the Court.

The Fifth Circuit has often held that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." Cutrera v. Bd. of Sup'rs of La. State Univ., 429 F.3d 108, 113 (5th Cir. 2005) (citing Fisher v. Metro. Life Ins. Co., 895 F.2d 1073, 1078 (5th Cir. 1990)). To raise a claim, "a plaintiff need only follow Rule 8's command that a complaint contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Kelso v. Paulson, No. 08-CV-0961, 2009 WL 972997, at *6 (N.D. Tex. Apr. 9, 2009)

9

(quoting Fed. R. Civ. P. 8(a)(2)). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). A claim not properly before the court is generally subject to dismissal; however, "[u]nder certain compelling circumstances, [the Fifth Circuit has] required district courts to construe a new claim raised in opposition to summary judgment as a motion to amend."[5] Harry v. Dall. Hous. Auth., 662 F. App'x 263, 270 (5th Cir. 2016). Such "compelling circumstances" have included a plaintiff who appears pro se and has not yet amended, or if serious errors were committed by counsel. Id. at n.26; see also Riley v. Sch. Bd. Union Par., 379 F. App'x 335, 341 (5th Cir. 2010).

Here, despite his insistence to the contrary, Nelson failed to raise a retaliatory hostile work environment claim in both his original complaint and in his Amended Complaint. The Amended Complaint, which is the governing complaint for purposes of this motion, clearly outlines four causes of action, none of which is a claim for retaliatory hostile work environment. Roberts v. Lubrizol Corp., 582 F. App'x 455, 461 (5th Cir. 2014) (finding that the plaintiff's sexual harassment claim was not properly before the Court because even though the plaintiff "used terms such as 'harassment' and 'hostile work environment' in her complaint, such general language is insufficient to properly state

---

[5] "This rule has [also] been applied to cases where new factual allegations to support previously pleaded legal theories were raised only in response to summary judgment." Karcher v. Spencer, No. 17-CV-266, 2020 WL 4880159, at *11 (S.D. Miss. July 20, 2020) (internal citations omitted); Green v. JP Morgan Chase Bank, N.A., 562 F. App'x 238, 240 (5th Cir. 2014) (affirming refusal to consider new factual theory presented for the first time on summary judgment).

a claim for harassment where, as here, the plaintiff expressly and clearly laid out two causes of action–one for discrimination and one for retaliation"); see also Taylor v. Tex. S. Univ., 569 F. App'x 193, 195 (5th Cir. 2014) (finding that the plaintiff had not asserted a cause of action in her complaint for hostile work environment, in part, because she "explicitly identified her various causes of action in her amended complaint, but she did not identify a hostile work environment claim"). In the instant case, the Court's review of the record confirms that Nelson's pleadings gave Defendants no notice of his intent to pursue this claim, in contravention of Rule 8.

Similarly, the factual allegations used to support Nelson's retaliatory hostile work environment claim are absent from his original complaint and his Amended Complaint. For the first time (and only in response to summary judgment) has Nelson set forth the following allegations:

1. McClellon belittled Nelson and held him in contempt by failing to refer to him as "chief;"
2. McClellon ostracized Nelson;
3. McClellon downgraded Nelson's performance evaluations from "excellent" to "successful;"
4. McClellon prevented Nelson from effecting community policing efforts;
5. McClellon excluded Nelson from meetings;
6. McClellon and Bryant prevented Nelson from participating in the EEOC mediation of one of the campus police officers;

7. McClellon did not allow Nelson to have contact with the campus police officers without her permission;

8. McClellon would not see Nelson when he made requests, would not communicate with Nelson, and ignored him; and

9. McClellon excluded him from interacting within the campus.

Nelson could have sought leave to amend his complaint a second time and explained why he should have been allowed to raise these new allegations at this point in the case, over three years into its inception. However, he failed to do so, choosing instead to include them for the first time in his opposition to summary judgment. Neither the retaliatory hostile work environment claim, nor the foregoing allegations are properly before the Court.

    The Court does not find that it is appropriate in this case to construe Nelson's newly raised claim or the allegations that support it as a motion for leave to amend. Importantly, Nelson appears to argue that he raised a claim for retaliatory hostile work environment in his Amended Complaint and, thus, does not appear to seek to add this claim. Moreover, Nelson has not sought leave to include his newly raised allegations, even after Defendants raised the issue in their reply brief. However, even if Nelson was seeking to amend, none of the circumstances courts consider when construing newly raised claims and/or allegations as a motion for leave to amend are present here. Nelson was represented by counsel well before he filed the instant suit and has already been afforded an opportunity to amend his complaint. Moreover, this suit has been pending for over three years; the parties have undergone and completed discovery, engaged in

depositions, and filed dispositive motions; and the trial date is less than five months away. Accordingly, the Court declines to construe Nelson's response to summary judgment as a motion to amend.

However, even if the Court considered Nelson's response to summary judgment as a motion to amend, the Court would not allow amendment at this late stage of the proceedings. "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired," as it has in this case. Squyres v. Heico Cos., L.L.C., 782 F.3d 224, 237 (5th Cir. 2015) (citation omitted); see Record Document 20. Under Rule 16, "[a] schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Squyres, 782 F.3d at 237 (quoting Filgueira v. U.S. Bank Nat'l Ass'n, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam)).

Here, Nelson cannot meet his burden to show that good cause for amendment exists. Nelson's summary judgment response was filed nearly two years after the deadline for amendment passed, and there is nothing to suggest that Nelson's retaliatory hostile work environment claim, or his newly raised allegations used to support that claim, could not have been timely raised. It appears that many, if not all, of the newly alleged facts upon which Nelson's claim is premised were known to Nelson well before he filed suit. Yet, Nelson does not even attempt to explain why these allegations are raised for the first time in response to summary judgment, more than three years into this lawsuit.

Counsel for Nelson is undoubtedly familiar with the Federal Rules of Civil Procedure, yet he has offered no excuse for his non-compliance with the Federal Rules.[6] Moreover, Defendants would certainly be prejudiced by the introduction of a claim and a number of newly introduced factual allegations so far into this lawsuit. To be sure, this case is not in its infancy. This case has been pending for more than three years, summary judgment has been filed, and the trial date, which has been continued twice before, is looming. Hatch v. Del Valle Indep. Sch. Dist., 496 F. App'x 417, 421 n.1 (5th Cir. 2012) ("[T]he district court did not abuse its discretion by declining to allow [the plaintiff] to amend his complaint . . . after [the defendant] filed its motion for summary judgment."). Finally, even if Nelson had established good cause to amend, such an amendment would be futile because the vast majority of newly raised allegations are almost entirely conclusory and, thus, would not preclude summary judgment.[7] Kariuki v. Tarango, 709 F.3d 495, 505 (5th Cir. 2013) ("[S]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment . . . . Thus, without more, a vague or conclusory affidavit is insufficient to create a genuine issue of material fact in the face of

---

[6] The Court acknowledges that Nelson argues that he raised a retaliatory hostile work environment claim in his Amended Complaint. However, it is clear that Nelson's inclusion of a number of newly raised factual allegations is, by itself, non-compliant with the Federal Rules. Nelson could have argued why these allegations should have been considered but chose not to.

[7] For example, Nelson argues that he was precluded from executing "community policing efforts," but does not explain what those efforts are or how Defendants prevented him from executing them. Likewise, he claims that McClellon ignored him and refused to meet with him but does not offer any factual support for these allegations, such as an instance in which McClellon ignored correspondence from him or a request to meet.

conflicting probative evidence.") (internal quotations and citations omitted). For these reasons, even if the Court considered Nelson's newly raised claim and/or allegations as a motion to amend, it would deny amendment. Accordingly, to the extent that Nelson wishes his response to summary judgment to be construed as a motion for leave to amend, Nelson's motion for leave to amend is **DENIED**.

D. Remaining Claims

Defendants' instant motion for partial summary judgment does not address Nelson's Title VII retaliation claims against Southern based on Nelson not being allowed to supervise the campus police officers, or the Title IX investigation into Nelson. Accordingly, this ruling does not address these claims, and they remain pending before the Court.

However, there are no remaining claims against Ellis, McClellon, or Bryant.[8]

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion for partial summary judgment is **GRANTED**. Nelson's claims against Southern for failure to promote and pretextual denial of the chief of police position, as well as all of Nelson's Title VII and state law claims against McClellon, Bryant, and Ellis are **DISMISSED WITH PREJUDICE**.

---

[8] As explained supra, Nelson abandoned his Title VII and state law claims against Ellis, McClellon, and Bryant, clarifying that his sole claim against them is for retaliatory hostile work environment under § 1983. Record Document 51 at 14. However, as the Court explained, Nelson has not pled a retaliatory hostile work environment claim and the Court has denied him the opportunity to amend to allege such a claim.

15

**IT IS FURTHER ORDERED** that McClellon, Bryant, and Ellis are terminated as Defendants in this matter.

**IT IS FURTHER ORDERED** that, to the extent that Nelson requests the Court construe his response to summary judgment as a motion for leave to amend, such motion is **DENIED**.

**THUS DONE AND SIGNED** this ___29th___ day of ___November___, 2022.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE